Matter of Carnegie Hill Neighbors, Inc. v City of New York (2020 NY Slip Op 06848)





Matter of Carnegie Hill Neighbors, Inc. v City of New York


2020 NY Slip Op 06848


Decided on November 19, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 19, 2020

Before: Gische, J.P., Mazzarelli, Moulton, Mendez, JJ. 


Index No. 161375/17 Appeal No. 12432 Case No. 2019-4778 

[*1]In the Matter of Carnegie Hill Neighbors, Inc., et al, Petitioners-Appellants,
v
City of New York, et al., Respondents-Respondents.


Super Law Group, LLC, New York (Reed W. Super of counsel), for appellants.
James E. Johnson, Corporation Counsel, New York (Anna W. Gottlieb of counsel), for City of New York, respondent.
Bryan Cave Leighton Paisner LLP, New York (Philip E. Karmel of counsel), for AvalonBay Communities, Inc., respondent.
Meister Seelig & Fein LLP, New York (Lawrence J. Bartelemucci of counsel), for New York City Educational Construction Fund, respondent.



Order and judgment (one paper), Supreme Court, New York County (John J. Kelly, J.), entered April 29, 2019, which denied the petition challenging respondents' determinations, dated August 24, 2017, approving a development project, and dismissed the proceeding brought [*2]pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioners' argument that Supreme Court erred in affirming the challenged determinations because the playground at issue remains dedicated parkland protected by the public trust doctrine is unavailing. Assuming, without deciding, that the playground was at some point expressly or by implication dedicated as parkland, the State Legislature removed that status in 2017 by passing alienation legislation (L 2017, ch 402; see Friends of Van Cortlandt Park v City of New York , 95 NY2d 623, 632 [2001].)
Petitioners' argument that the determinations were ultra vires based on defective SEQRA/CEQR and ULURP processes is unavailing. The record supports the conclusion that respondents, who knew that the project contemplated replacing the playground with another playground, and not dedicated parkland, in a new location on the block, adequately assessed the impacts.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 19, 2020